UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBBLER NEVADA, L.L.C.,

    Plaintiff,

v.

    Case No. 2:15-CV-11871
    District Judge Sean F. Cox
    Magistrate Judge Anthony P. Patti

DOES 1-15,

    Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE (DE 2)

This matter is before the Court for consideration of Plaintiff Cobbler Nevada, L.L.C.'s Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference. (DE 2.) Plaintiff filed suit on May 25, 2015, against fifteen (15) "Doe" defendants, identified only by the subscriber Internet Protocol ("IP") address he or she is alleged to have used to unlawfully download and share Plaintiff's copyrighted movie ("*The Cobbler*") using BitTorrent software. (DE 1 at 3 ¶ 10, DE 1-2.) On June 16, 2015, Plaintiff filed the instant motion and memorandum in support, in which it seeks to discover the identities of the Does by issuing a subpoena on the Internet Service Provider ("ISP") associated with the

1

identified IP addresses.  (DEs 2, 3.)  For the reasons discussed below, this Motion is **GRANTED**.

## I. BACKGROUND

This is a copyright infringement case.  Plaintiff Cobbler Nevada, L.L.C. owns the copyright to *The Cobbler*, the copyrighted work at issue in this lawsuit. (DE 1-1.)  Plaintiff does not know the names of the Doe Defendants but indicates that it has identified Defendants through unique IP addresses that were involved in the alleged infringement.  In support of its Motion, Plaintiff provides the affidavit of Daniel Macek, who has been retained as a consultant by Maverickeye UG ("MEU"), a company that provides forensic investigation services to copyright owners.  (DE 3-2 at 1 ¶ 2.)  Mr. Macek avers that he found persons using Defendants' IP addresses engaged in transactions with regard to the copyrighted work alleged in the Complaint.  (DE 3-2 at 4-5 ¶¶ 19, 25.)

## II. ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule (1)(B), or when authorized by these rules, by stipulation, *or by court order*.

Fed. R. Civ. P. 26(d)(1) (emphasis added).  Although the United States Court of Appeals for the Sixth Circuit has not addressed the standard to be applied in such instances, courts in this district have applied a "good cause" standard to determine

whether such expedited discovery should be authorized. *See Malibu Media, LLC v. Doe*, No. 14-14237, 2015 WL 224807, at *1 (E.D. Mich. Jan 15, 2015). This issue arises not infrequently in copyright infringement cases where the identity of the infringer is not known. *See Arista Records, LLC v. Doe 3*, 605 F.3d 110 (2nd Cir. 2012).

Courts have further developed the "good cause" standard. Specifically, in copyright cases, the court considers the following factors to determine whether the issuance of subpoenas to discover the identity of Doe defendants in advance of a Rule 26(f) conference is proper: (1) whether the plaintiff has made a *prima facie* showing of a copyright infringement claim; (2) whether the plaintiff has submitted a specific discovery request; (3) whether the information sought is limited in scope and not available through alternative means; (4) whether plaintiff has a central need for the subpoenaed information; and (5) whether there is minimal expectation of privacy on the part of the defendant. *Arista Records,* 604 F.3d at 119; *Patrick Collins v. Does 1-21*, Case No. 11-15232, DE 5 (E.D. Mich. Dec. 16, 2011).

Having reviewed the pleadings and the instant Motion, the Court finds that Plaintiff has demonstrated good cause for early discovery. It has stated a plausible claim for copyright infringement and specifically identified the discovery sought – "the true name and address of the Defendant to whom the ISP assigned an IP address . . . ." as set forth in Exhibit B. (DE 2-1 at 1 ¶ 2, DE 3 at 11). The Court


also finds that defendants do not have a reasonable expectation of privacy in their internet subscriber information. *See Hard Drive Prods. v. Doe*, No. 11-9062, 2012 U.S. Dist. Lexis 82927, at *10-11 (N.D. Ill. June 14, 2012). Furthermore, the information sought is: (a) necessary to prosecute Plaintiff's claim; (b) otherwise unavailable; and (c) narrowly tailored.

## III. CONCLUSION

Accordingly, Plaintiff's Motion (DE 3) is **GRANTED** subject to the following modifications:

1. Plaintiff shall attach a copy of this Order to the subpoena it issues to each Doe's ISP.

2. Plaintiff's subpoena to the ISP may seek only the following information regarding John/Jane Doe:

    a. Full name, and
    b. Residential address.[1]

3. Within seven days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John/Jane Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. Nothing in this Order precludes the ISP or John/Jane Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's local rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no

---

[1] *See, e.g., Malibu Media LLC v. John Doe*, No. 13-10511, DE 7 (E.D. Mich. Feb. 26, 2013) (concluding that Plaintiff was not permitted to seek or obtain John Doe's email address or telephone number).

       earlier than thirty-five days from the service of the subpoena on the ISP. *See Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass. Oct. 2, 2012) (issuing a subpoena with provision for motion practice before production of information). Where no motion is filed by either the ISP or John/Jane Doe within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraph 2(a) and (b) above.

5. Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of the IP address if it is not controlled by such entity, duplicate IP addresses that resolve to the same individual, or for the entity's internal costs to notify its customers.

6. Any entity that receives a subpoena and elects to charge for the costs of production, shall provide a billing summary and any cost reports that serve as a basis for the billing summary, along with any other costs claimed.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: July 14, 2015              s/Anthony P. Patti
                                           ANTHONY P. PATTI
                                           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 14, 2015, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti